1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   GENENTECH, INC. *et al.*,                    No. C 08-4909 SI

9              Plaintiff,                         **ORDER DENYING DEFENDANTS'**
                                                  **MOTION FOR STAY OF DISCOVERY,**
10    v.                                          **REFERRING DISCOVERY DISPUTE TO**
                                                  **MAGISTRATE JUDGE**
11  SANOFI-AVENTIS DEUTSCHLAND GMBH,
    *et al.*,
12
              Defendants.
13  _____/
14
15          Plaintiffs' motion for leave to conduct limited discovery is scheduled for a hearing on February
16  13, 2009.  Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for
17  resolution without oral argument, and VACATES the hearing.  The Court has also reviewed the parties'
18  letter briefs[1] regarding defendants' request to stay discovery pending a decision by the Texas court on
19  whether it will retain jurisdiction over the related case.  As set forth below, the Court DENIES
20  defendants' motion to stay discovery, and REFERS the pending discovery dispute to a magistrate judge
21  for determination in the first instance.
22
23                                    **BACKGROUND**
24          On October 27, 2008, Sanofi-Aventis Deutschland GmbH ("Sanofi-Aventis Germany") filed suit
25  in the Eastern District of Texas against Genentech, Inc. and Biogen Idec Inc. for patent infringement
26  and declaratory judgment.  The Texas action alleges  infringement of U.S. Patent Nos. 5,849,522 (the
27  "522 Patent") and 6,218,140 (the "140 Patent").  Hours later that same day, Genentech and Biogen filed

28          [1]  The parties' letter briefs are found at Docket Nos. 62 and 71.

United States District Court
For the Northern District of California

1    a complaint in this Court for declaratory judgment of non-infringement and invalidity of the same

2    patents.  Named defendants in this case are Sanofi-Aventis Germany, as well as Sanofi-Aventis U.S.

3    LLC and Sanofi-Aventis U.S. Inc. (collectively, the "Sanofi-Aventis U.S. defendants").

4         In this case, Sanofi-Aventis Germany has moved to dismiss for lack of personal jurisdiction,

5    while the Sanofi-Aventis U.S. defendants have moved to dismiss for lack of subject matter jurisdiction

6    and for failure to state a claim.  In response, plaintiffs have moved for leave to conduct limited

7    jurisdictional discovery.  Initially, defendants agreed that plaintiffs were entitled to some discovery, and

8    the parties only disagreed on the scope of that discovery, prompting plaintiffs to file the instant motion

9    for discovery.  However, defendants now seek to stay discovery in this case until the Texas court rules

10   on Genentech's motion to transfer the Texas case to the Northern District of California.

11

12                                    **DISCUSSION**

13        Defendants move to stay discovery in this case pursuant to the first-to-file rule.  Under this rule,

14   a district court may transfer, stay, or dismiss an action when a similar action has been filed in another

15   district court.  *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991).  When

16   deciding whether to apply the first-to-file rule, the Court must look at three factors: (1) the chronology

17   of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.  *Id.*  Here, the

18   Sanofi-Aventis U.S. defendants are not parties to the Texas action, and thus even if the Texas court

19   retains jurisdiction over that case, this Court will still have to adjudicate plaintiffs' claims against the

20   Sanofi-Aventis U.S. defendants.[2]  The Court is reluctant to delay proceedings in this case, particularly

21   when defendants' motions to dismiss are pending and cannot be resolved without conducting some

22   discovery.  If the Texas court retains jurisdiction, the Court will address case management issues,

23   including coordination of discovery, with the parties.

24        With regard to defendants' pending motions to dismiss, the parties previously agreed that

25   plaintiffs are entitled some discovery, but could not agree on the scope.  The Court refers plaintiffs'

26   _____

27        [2]  Without expressing any view on the merits of the transfer motion, the Court notes that as a
result of the Federal Circuit's decision in *In re TS Tech*, ___ F.3d ___, 2008 WL 53975220 (Fed. Cir.
28   Dec. 29, 2008), motions to transfer venue will likely be granted with greater frequency.

**United States District Court**
For the Northern District of California

1    motion for discovery (Docket No. 34) to a Magistrate Judge for determination in the first instance.

2

3        **IT IS SO ORDERED.**

4

5    Dated: February 10, 2009

6                                                    _____
                                                     SUSAN ILLSTON
                                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28