IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., *et al.*, | No. C 08-4909 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO STAY; STAYING ALL PROCEEDINGS IN THIS CASE PENDING RESOLUTION OF MATTERS BEFORE FEDERAL CIRCUIT IN *SANOFI-AVENTIS DEUTSCHLAND GMBH V. GENENTECH* (E.D. Tex)** |
| v. | |
| SANOFI-AVENTIS DEUTSCHLAND GMBH, *et al.*, | |
| Defendants. | |

Numerous motions are scheduled for a hearing on May 15, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing.

**BACKGROUND**

On October 27, 2008, Sanofi-Aventis Deutschland GmbH ("Sanofi-Aventis Germany") filed suit in the Eastern District of Texas against Genentech, Inc. and Biogen Idec Inc. for patent infringement and declaratory judgment. The Texas action alleges infringement of U.S. Patent Nos. 5,849,522 (the "'522 Patent") and 6,218,140 (the "'140 Patent"). Hours later that same day, Genentech and Biogen filed a complaint in this Court for declaratory judgment of non-infringement and invalidity of the same patents. Named defendants in this case are Sanofi-Aventis Germany, as well as Sanofi-Aventis U.S. LLC and Sanofi-Aventis U.S. Inc. (collectively, the "Sanofi-Aventis U.S. defendants").

In the Texas court, Genentech and Biogen filed a motion to transfer venue seeking transfer to this Court. In a 19 page order dated March 19, 2009, the Texas district court denied Genentech and

Biogen's motion to transfer. Genentech has filed a petition for writ of mandamus of the transfer order with the Federal Circuit. The parties state that the Federal Circuit has called for a response to the petition, but has not yet issued an order on the merits of the petition.

Now before the Court are the following motions: (1) defendants' motion to dismiss, stay or transfer this case; (2) Sanofi-Aventis Germany's motion to dismiss for lack of personal jurisdiction; and (3) the Sanofi-Aventis U.S. defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

## DISCUSSION

Defendants move to dismiss, transfer or stay this action in order to conserve judicial and party resources. Defendants contend that because the Texas case involves precisely the same issues as this case – whether Genentech and Biogen infringe the '522 and '140 patents, and whether those patents are valid – it would be wasteful and inefficient to proceed with litigation in this Court. Defendants argue that under general principles of comity, this Court should defer to Judge Clark's well-reasoned order denying the motion to transfer to this Court.

Plaintiffs respond that Judge Clark erred in his transfer analysis, and they request that this Court "stay" defendants' motion to dismiss until the Federal Circuit acts on the petition for writ of mandamus in the Texas action. Plaintiffs also contend that even if the Texas action proceeds, this case should also proceed because the Sanofi-Aventis U.S. defendants are not parties to the Texas case. However, Genentech and Biogen can add the Sanofi-Aventis U.S. entities as counterdefendants in the Texas action, and indeed those entities state that they consent to being added to that action to the extent that doing so is consistent with the court's subject matter jurisdiction and proper pleading. Reply at 11 n.4.[1]

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a)

---

[1] Plaintiffs also assert that this Court should rule on defendants' jurisdictional motions. However, the Court agrees with defendants that there is no need to rule on these motions if this case is dismissed or transferred to the Texas court, and that to do so would be a waste of judicial resources. The Texas court has personal jurisdiction over Sanofi-Aventis Deutschland GMBH. If Genentech and Biogen wish to add the U.S. defendants to the Texas action, the U.S. defendants can renew their motions to dismiss in that forum.

was designed to prevent." *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960); *see also Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904-05 (Fed. Cir. 2008) (where there are competing cases in two different forums, "the trial court must weigh the factors used in the transfer analysis" to determine the "most appropriate forum" and allow the case to proceed in that forum alone). Here, the Texas court has engaged in a thoughtful and detailed transfer analysis, and concluded that the case should proceed in Texas. In the interest of comity and conservation of the parties' and the judiciary's resources, the Court intends to defer to Judge Clark's decision and transfer this action to the Texas court. However, because of the uncertainty caused by the pending petition for writ of mandamus in the Texas case, the Court finds it prudent to STAY all litigation in this case, including discovery, until the Federal Circuit rules. The parties are directed to immediately notify this Court when the Federal Circuit rules on the petition for writ of mandamus. In the event that the Federal Circuit grants the petition for writ of mandamus, the Court will schedule a case management conference and a hearing on defendants' jurisdictional motions.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendants' motion to stay, and STAYS this action until the Federal Circuit resolves the petition for writ of mandamus in *Sanofi-Aventis Deutschland GMBH v. Genentech* (E.D. Tex.). Depending on the Federal Circuit's disposition of that petition, the Court will either transfer this action to the Texas court or schedule a case management conference and a hearing on the jurisdictional motions. Docket No. 106.

**IT IS SO ORDERED.**

Dated: May 12, 2009

SUSAN ILLSTON
United States District Judge