UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GENENTECH, INC., et al.,       )
                               )
         Plaintiff(s),         )        No. C08-4909 SI (BZ)
                               )
    v.                         )
                               )        **SIXTH DISCOVERY ORDER**
SANOFI-AVENTIS DEUTSCHLAND     )
GMBH, et al.,                  )
                               )
         Defendant(s).         )
_____)

Following a telephone hearing at which all parties were represented by counsel, **IT IS HEREBY ORDERED** as follows:

1.   Sanofi-Aventis Deutschland GmbH ("Sanofi") requests detailed discovery of Rituxan® sales in order to prove the commercial success of its patented process.  Ordinarily, a "patentee asserts that commercial success supports its contention of nonobviousness . . . ." <u>Demaco Corp. v. F. Von Langsdorff Licensing Ltd.</u>, 851 F.2d 1387, 1392 (Fed. Cir. 1988).  The patentee must prove a legally and factually sufficient connection, or nexus, "between the proven success and the patented invention . . . ." <u>Id.</u>  The purpose of introducing evidence of commercial success is to prove that

1

1   "the commercial success was of the <u>patented</u> <u>invention</u> <u>itself</u>."

2   <u>Id.</u> at 1394. (emphasis added).

3        In this case, Sanofi seeks detailed sales information of

4   the infringing product in order to prove non-obviousness of

5   the patented process.  Sanofi has not persuaded me that

6   discovery of sales information of an infringing product is

7   relevant to prove the non-obviousness and commercial success

8   of the patented process.  Commercial success of the allegedly

9   infringing product could be based on any number of factors,

10  other than infringement.  In any event, defendant apparently

11  has information that Genentech has $2 billion annual sales of

12  Rituxan® in the United States, evidence of the product's

13  commercial success.  Defendant has not articulated how the

14  other information it seeks, such as profit margins, is

15  relevant to obviousness.

16       <u>Tech Air, Inc. v. Denso Mfg. Michigan Inc.</u>, 192 F.3d 1353

17  (Fed. Cir. 1999) on which defendant relies, is

18  distinguishable.  First, that case did not address discovery.

19  Second, the plaintiff in that case had already established

20  infringement.  Contrary to Sanofi's assertion, <u>Tech Air</u> does

21  not stand for the general proposition that in a bifurcated

22  trial, sales information of an infringing product is

23  discoverable prior to the damages phase.  Defendant's motion

24  to compel discovery of further sales information is **DENIED**.

25       2.  Sanofi further requests discovery of all products

26  that employ the HCMV enhancer to prove the unexpected results

27  of their patented process.  As an initial matter, this request

28  suffers from the same defect as Sanofi's request for detailed

1   sales information of the infringing product.  In the ordinary

2   case, a "patent challenger makes a prima facie showing of

3   obviousness" and "the owner may rebut [this] based on

4   unexpected results by demonstrating that the <u>claimed invention</u>

5   exhibits some superior property or advantage that a person of

6   ordinary skill in the relevant art would have found surprising

7   or unexpected."  <u>Proctor & Gambel Co. v. Teva Pharmaceuticals</u>

8   <u>USA, Inc.</u>, 566 F.3d 989 (Fed. Cir. 2009) (emphasis added)

9   (internal citations omitted).

10      Sanofi has not persuaded me that any unexpected results

11  plaintiffs experienced with any of their products is relevant

12  to the issue of obviousness.  In any event, to resolve this

13  dispute, Genentech has agreed to produce the requested

14  discovery for Rituxan®, the accused product.  If Sanofi cannot

15  show that Genentech experienced unexpected results with

16  Rituxan®, it is hard to see how it can succeed by showing

17  unexpected results with products not accused of infringement.

18  If Sanofi finds evidence of unexpected results in the Rituxan®

19  discovery and believes it still needs evidence of other

20  products, it may renew its motion at that time.  Given the

21  cost of producing the requested information, calculated at

22  almost a million dollars, and it questionable relevancy, this

23  request is **DENIED** as premature.  <u>See</u> FRCP 26(b)(2)(c)(iii).

24      Genentech shall produce all documents concerning its use

25  of an HCMV enhancer in its production of Rituxan® by

26  ///

27  ///

28  ///

3

1  **5:00 p.m. on December 1, 2009.**

2  Dated: November 19, 2009

3                                            _____
                                              Bernard Zimmerman
4                                            United States Magistrate Judge

G:\BZALL\-REFS\GENENTECH\DISC ORD 6.wpd

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28