IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANOFI-AVENTIS DEUTSCHLAND GMBH, | No. C 08-4909 SI; C 09-4919 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| GENENTECH, INC. and BIOGEN IDEC INC., | |
| Defendants. | |

Sanofi has filed a motion for leave to file a motion for reconsideration of the March 20, 2010 Order Granting Genentech's Motion to Disqualify Counsel. Sanofi's motion is based on the ground that after the Court issued its order, there was a change in California law regarding imputed conflicts and vicarious disqualification. Sanofi relies on *Kirk v. First American Title Insurance Company*, 183 Cal. App. 4th 776 (Apr. 7, 2010), *as amended by* 2010 WL 1803853 (Cal. App. 2 Dist. May 6, 2010).

The Court finds that the *Kirk* decision does not provide a basis for reconsideration because *Kirk* is not binding authority. "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Nelson v. City of Irvine*, 143 F.3d 1196, 1206 (9th Cir. 1998). The March 20, 2010 order applied California law as set forth by the California Supreme Court in *Flatt v. Superior Court*, 9 Cal. 4th 275 (1994), *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems*, 20 Cal. 4th 1135 (1999), and *City and County of San Francisco v. Cobra Solutions*, 38 Cal. 4th 839 (2006). The Court recognizes that *Kirk* distinguished the relevant parts of these California Supreme Court decisions as dicta or on factual grounds. Nevertheless, the Court is bound to interpret California law

as set forth by the California Supreme Court, and accordingly the Court DENIES Sanofi's motion. (Docket No. 359).

**IT IS SO ORDERED.**

Dated: May 14, 2010

SUSAN ILLSTON
United States District Judge