1  HARVEY SISKIND LLP
   D. PETER HARVEY (State Bar No. 55712)
2  pharvey@harveysiskind.com
   NAOMI JANE GRAY (State Bar No. 230171)
3  ngray@harveysiskind.com
   Four Embarcadero Center, 39th Floor
4  San Francisco, California 94111
   Telephone:  415-354-0100
5  Facsimile:  415-391-7124
6
7  FITZPATRICK, CELLA, HARPER & SCINTO
   WILLIAM E. SOLANDER (*pro hac vice*)
8  wsolander@fchs.com
   DOMINICK A. CONDE (*pro hac vice*)
9  dconde@fchs.com
   PETER D. SHAPIRO (*pro hac vice*)
10 pshapiro@fchs.com
   JOSHUA A. DAVIS (*pro hac vice*)
11 jdavis@fchs.com
12 1290 Avenue of the Americas
   New York, New York 10104
13 Telephone:  212-218-2100
   Facsimile:  212-218-2200
14
15 Attorneys for Plaintiff
   SANOFI-AVENTIS DEUTSCHLAND GMBH
16
17            UNITED STATES DISTRICT COURT
18            NORTHERN DISTRICT OF CALIFORNIA
19            SAN FRANCISCO DIVISION
20
21 SANOFI-AVENTIS DEUTSCHLAND              Case No.: C 08-04909 SI (BZ)
   GMBH,                                   Case No.: C 09-04919 SI
22
23                    Plaintiff,
                                           MOTION FOR ENTRY OF FINAL
24        v.                               JUDGMENT AND CERTIFICATION
                                           UNDER RULE 54(B)
25 GENENTECH, INC. and
   BIOGEN IDEC INC.,                       Motion Date:  May 6, 2011 at 9:00 a.m.
26
27                    Defendants.
28

1

## **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

NOTICE OF MOTION AND MOTION ...................................................................................... 1

RELIEF REQUESTED .................................................................................................................. 1

STATEMENT OF THE ISSUES .................................................................................................. 1

INTRODUCTION ......................................................................................................................... 1

FACTS ........................................................................................................................................... 2

I.      PROCEDURAL HISTORY OF THE ACTION ................................................................ 2

II.     CLAIM TERMS IN DISPUTE ........................................................................................ 4

ARGUMENT ................................................................................................................................. 5

I.      THE COURT SHOULD ENTER JUDGMENT OF NON-INFRINGEMENT AS TO
        RITUXAN® AND CERTIFY IT AS FINAL UNDER FEDERAL RULE OF CIVIL
        PROCEDURE 54(B) ........................................................................................................ 6

        A.      Legal Standard ...................................................................................................... 6

        B.      The Grant of Summary Judgment of Non-Infringement As to Rituxan® Is
                Final, and There Is No Just Reason to Delay Appeal ........................................... 8

                1.      There Is a Final Judgment As Required by Rule 54(b) ............................. 8

                2.      There Is No Just Reason to Delay Appeal of the Non-Infringement
                        Decision ..................................................................................................... 8

CONCLUSION ............................................................................................................................ 10

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR ENTRY OF FINAL JUDGMENT                    CASE NOS. C 08-04909 SI (BZ)
                                                       C 09-04919 SI

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Core-Vent Corp. v. Nobel Indus. AB,*
    11 F.3d 1482 (9th Cir.1993).................................................................................. 8

4

*Curtiss-Wright Corp. v. Gen. Elec. Co.,*
    446 U.S. 1 (1980) ................................................................................. 6, 7, 8, 9

5

6

*Digital Privacy Inc. v. RSA Security, Inc.,*
    199 F. Supp. 2d 457 (E.D. Va. Apr. 30, 2002) .......................................... 7

7

*Gulfstream Aerospace Corp. v. Mayacamas Corp.,*
    485 U.S. 271 (1988)).......................................................................................... 6

8

9

*Hybritech, Inc. v. Abbott Labs.,*
    849 F.2d 1446 (Fed. Cir. 1988)....................................................................... 7

10

11

*ImageCube LLC v. Boeing Co.,*
    No. 04-cv-7587, 2010 WL 331723 (N.D. Ill. Jan. 22, 2010)...................... 7, 8, 9

12

*In re Guy F. Atkinson Co.,*
    No. C 98-4577 SI, 2000 WL 52317 (N.D. Cal. Jan. 18, 2000).................... 6

13

14

*Kumar v. Ovonic Battery Co.,*
    No. 01 11247 MEL, 2002 WL 32705072 (D. Mass. Sept. 24, 2002) .......... 7

15

16

*Lemelson v. Gen. Mills, Inc.,*
    968 F.2d 1202 (Fed. Cir. 1992)....................................................................... 7

17

*Nystrom v TREX Co., Inc.,*
    339 F.3d 1347 (Fed. Cir. 2003) ....................................................................... 5

18

19

*Sheehan v. Atlanta Int'l Ins. Co.,*
    812 F.2d 465 (9th Cir.1987)............................................................................. 6

20

21

*Smith v. Hall,*
    301 U.S. 216 (1937) ........................................................................................... 7

22

23

*Storage Tech. Corp. v. Cisco Sys., Inc.,*
    329 F.3d 823 (Fed. Cir. 2003)......................................................................... 7

24

*W.L. Gore & Assocs., Inc. v. Int'l Medical Prosthetics Research Assocs., Inc.,*
    975 F.2d 858 (Fed. Cir. 1992)............................................................ 6, 7, 8

25

26

27

28

**Statutes**

35 U.S.C. § 102(g) ................................................................................................................ 3

**Rules**

FED. R. CIV. P. 1 ................................................................................................................... 1

FED. R. CIV. P. 54 ......................................................................................................... *passim*

FED. R. CIV. P. 56 ........................................................................................................... 4, 7

MOTION FOR ENTRY OF FINAL JUDGMENT                     CASE NOS. C 08-04909 SI (BZ)
                                                       C 09-04919 SI

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 6, 2011 at 9:00 a.m., or as soon as counsel may be heard[1] before the Honorable Susan Illston in Courtroom 10 at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Sanofi-Aventis Deutschland GmbH ("Sanofi") will, and hereby does, move this Court to vacate the pending trial date and for relief that provides an opportunity for immediate appeal of the Court's Order Granting In Part Genentech's Motion for Summary Judgment of Non-Infringement. Sanofi's motion is based on this notice, the memorandum of points and authorities that follows, the pleadings on file in this action, and any further evidence or argument that the Court may properly receive at or before the hearing.

## RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 1 and 54, Sanofi requests:

- that the Court enter Judgment pursuant to its March 7 Order Granting In Part Genentech's Motion for Summary Judgment of Non-Infringement as to Rituxan® and *certify* that Judgment as a final, appealable judgment pursuant to FED. R. CIV. P. 54(b);

and,

- that the Court stay further proceedings and vacate the pending June 13 trial date and June 1 pretrial conference date.

## STATEMENT OF THE ISSUES

Whether the Court's grant of summary judgment of non-infringement should be certified as a final judgment under Federal Rule of Civil Procedure 54(b) because the judgment is a final judgment as to a claim and there is no just reason to delay an appeal of that judgment?

## INTRODUCTION

Trial is scheduled to begin in this matter on June 13, 2011. On March 7, the Court effectively disposed of Sanofi's infringement case. The only issues remaining for trial are Defendants' counterclaims that the two patents in suit are invalid under various sections of the patent statute or are unenforceable due to inequitable conduct.

---

[1] Sanofi is concurrently filing a Motion for Expedited Briefing and Consideration of this Motion for Entry of Final Judgment.

- 1 -

1    The Court should position this case for appellate review of the non-infringement decision at

2    this time rather than hold a trial on the remaining issues.  Immediate appeal could obviate the need

3    for any trial at all if the Federal Circuit affirms this Court's decision.  However, if the Federal Circuit

4    modifies some part of this Court's claim construction—as Sanofi believes it is likely to do—that

5    modification will affect not only the infringement analysis but also any determination of invalidity.

6    Thus, proceeding to trial in June on invalidity issues, before appeal, would likely result in the need

7    for a second trial in light of the Federal Circuit's guidance.

8    Due to concerns over duplicative litigation, the Federal Circuit has approved several

9    mechanisms by which a district court may position a case for appeal prior to the resolution of all

10    claims.  In particular, a court may enter final judgment as to a single claim and make an express

11    determination that there is no just reason to delay an appeal of that judgment; having done so, the

12    court may certify that judgment for immediate appeal under Rule 54(b) and stay adjudication of other

13    issues.

14    **FACTS**

15    **I.    PROCEDURAL HISTORY OF THE ACTION**

16    In October 2008, Sanofi brought suit in the Eastern District of Texas against Genentech, Inc.

17    ("Genentech") and Biogen Idec Inc. ("Biogen Idec") for infringement of two U.S. patents.  *Sanofi-*

18    *Aventis Deutschland GmbH v. Genentech, Inc. & Biogen Idec Inc.*, No. 9:08-cv-00203 (-4919 DN

19    1.)[2]  Shortly thereafter, Genentech and Biogen Idec filed a declaratory judgment action in the

20    Northern District of California, 08-cv-04909, seeking a declaration of non-infringement and

21    invalidity of the patents.  (DN 1.)  The earlier-filed Texas action was subsequently transferred (*see* -

22    4919 DN 61) and consolidated with the declaratory judgment action (*see* DN 204).

23    On April 1, 2010, Sanofi filed an Amended Complaint, which alleged infringement of the

24    patents based on activities relating to two products, Rituxan® and Avastin®.[3]  (DN 356.)  Biogen

25    Idec and Genentech separately answered the Amended Complaint and included fourteen affirmative

26    _____

27    [2] Docket number (DN) references to the Texas action are shown as references to the California docket 09-cv-04919 after transfer of venue.

28    [3] Allegations of infringement relating to Avastin® pertain only to Genentech.

MOTION FOR ENTRY OF FINAL JUDGMENT                                    CASE NOS. C 08-04909 SI (BZ)
                                                                                                                          C 09-04919 SI

1  defenses as well as counterclaims for declarations of non-infringement, invalidity, and

2  unenforceability due to inequitable conduct.  (DN 357, 358.)

3       The Court held a claim construction hearing on May 11, 2010 (DN 370) and issued its Order

4  Re: Claim Construction on June 23, 2010.  (DN 383.)

5       On July 28, 2010, Sanofi sought the assistance of the Court in a discovery dispute over

6  Genentech's failure to produce samples of Avastin® genomic DNA for testing.  (DN 394.)  Judge

7  Zimmerman granted a motion to compel production of Avastin® samples (DN 518) and appointed a

8  neutral laboratory as Special Master to test the samples, pursuant to limited guidance by the parties.

9  (*See* DN 522.)  The parties are currently awaiting a revised research proposal from the Special Master

10 following Genentech's request that the first proposal be revised to include alternative controls.

11 (Davis Decl. ¶ 20.)[4]

12      On August 6, 2010, Genentech filed a Motion for Summary Judgment of Non-Infringement.

13 (*See* DN 412 – brief submitted under seal.)  That same day, Biogen filed a Motion for Summary

14 Judgment of Invalidity for Lack of Written Description.  (DN 407.)  In opposing Genentech's non-

15 infringement motion, Sanofi sought a continuance to permit the Avastin® testing and leave to amend

16 its infringement contentions to include its more detailed arguments as to why summary judgment

17 should be denied.  (DN 421.)  Genentech sought to strike much of Sanofi's opposition and associated

18 expert declaration.  (DN 502.)  These motions were fully briefed and heard on November 11, 2010.

19 (DN 531.)  On January 21, 2011, Sanofi filed a Motion for Summary Judgment of No Invalidity

20 Under 35 U.S.C. § 102(g) (DN 551 – under seal) and a Motion for Summary Judgment of No

21 Inequitable Conduct (DN 543.)  Genentech and Biogen Idec jointly filed a Motion for Summary

22 Judgment of Anticipation and Obviousness.  (DN 554 – under seal.)  These motions were heard on

23 March 4, 2011.  (DN 603.)

24      On March 7, 2011, the Court issued an Order addressing all outstanding motions for summary

25 judgment.  (DN 604.)  The Order:

26 _____

27 [4] References to the Davis Declaration refer to the Declaration of Joshua A. Davis, submitted

28 herewith.

MOTION FOR ENTRY OF FINAL JUDGMENT                    CASE NOS. C 08-04909 SI (BZ)
                                                       C 09-04919 SI

- *granted* Sanofi's motion to amend its infringement contentions;
- *denied* Genentech's motion to strike "new" arguments and related expert report;
- *granted* Sanofi's Rule 56(f) motion for a continuance with respect to Genentech's motion for summary judgment of non-infringement as it applies to Avastin®;
- *denied* Defendants' motions for summary judgment of invalidity based on lack of written description, anticipation, and obviousness;
- *denied* Sanofi's motions for summary judgment of no prior invention and no inequitable conduct as to three of four inequitable conduct claims;
- *granted* Sanofi's motion for summary judgment of no inequitable conduct as to one of four inequitable conduct claims; and
- *granted* "in part" Genentech's motion for summary judgment of non-infringement.

On March 11, counsel for Sanofi approached counsel for Genentech to propose that the parties pursue an immediate appeal following dismissal, without prejudice, of Defendants' unadjudicated counterclaims. (Davis Decl. ¶ 5.) On March 15, Sanofi asked whether Defendants had considered Sanofi's proposal, and counsel for Genentech responded on March 16 that Genentech was considering the proposal. (Davis Decl. ¶ 6; Davis Decl. Ex. A.) On March 21, counsel for Sanofi asked that Defendants consider stipulating to entry of judgment pursuant to Rule 54(b) (Davis Decl. ¶ 7), and, on March 28, emailed a draft stipulation and asked that Defendants agree to it (Davis Decl. ¶ 8). Defendants subsequently refused, indicating that they intend to proceed to trial of this matter. (Davis Decl. ¶ 8; Davis Decl. Ex. A.)

## II.    CLAIM TERMS IN DISPUTE

The claims in dispute are Claims 1-2 of U.S. Patent No. 5,849,522 ("the '522 Patent") and Claims 42-45 of U.S. Patent No. 6,218,140 ("the '140 Patent"). Claims 1 and 43 are representative. The highlighted terms have been addressed by the Court in its previous rulings and will be relevant to any invalidity analysis.

> Claim 1: The method to increase expression of a gene in a mammalian cell comprising *inserting* into a mammalian cell an *isolated DNA enhancer* consisting of *DNA from the upstream region* of the major immediate early (IE) gene of human cytomegalovirus (HCMV) and a heterologous gene that is to be expressed, wherein the DNA from the upstream region of the IE gene of HCMV is the *only HCMV material* to which the mammalian cell is exposed.

- 4 -

Claim 43:  A eukaryotic host *cell transformed with a recombinant DNA plasmid* comprising a DNA molecule isolated from the immediate early (IE) *promoter/regulatory region* of human cytomegalovirus (HCMV) and a heterologous gene positioned downstream and operatively linked to said DNA molecule, wherein the DNA molecule enhances the transcription of DNA in an animal or mammalian host cell expression system.

## **ARGUMENT**

On March 7, 2011, the Court granted summary judgment of non-infringement, disposing of Sanofi's claims and leaving only Defendants' counterclaims for declarations of invalidity and unenforceability.  Following this decision, the Court has several options to resolve this case.  *First*, the Court may make "an express determination that there is no just reason for delay and then [] expressly direct the entry of final judgment on fewer than all of the claims under Federal Rule of Civil Procedure 54(b)."  *Nystrom v TREX Co., Inc.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003) (internal quotation omitted).  *Second*, the Court may "dismiss[] [all unadjudicated claims] without prejudice (either with or without a finding that the []claims [are] moot) following [its] grant of summary judgment of non-infringement."  *Id. Third*, the Court may proceed to trial on the remaining claims. *Id.* at 1350.

Here, the most reasonable and expedient means for disposing of the case that is consistent with the interests of judicial economy and avoiding duplicative litigation is to position it for immediate appeal by certifying the non-infringement decision as final under Rule 54(b).  This will ensure the fastest possible resolution because an immediate appeal will either permanently foreclose Sanofi's case (*i.e.*, if the Federal Circuit affirms this Court's claim construction and non-infringement decision) or impact this Court's later adjudication of Defendants' invalidity counterclaims (*i.e.,* if the Federal Circuit reverses any part of this Court's claim construction).  Appellate review of the claim construction at this time would eliminate the need for multiple trials on invalidity.  It would be a waste of the Court's and the Parties' time and resources to proceed to trial without the benefit of the Federal Circuit's decision.

MOTION FOR ENTRY OF FINAL JUDGMENT

CASE NOS. C 08-04909 SI (BZ)
C 09-04919 SI

## I.   THE COURT SHOULD ENTER JUDGMENT OF NON-INFRINGEMENT AS TO RITUXAN® AND CERTIFY IT AS FINAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B)

Certification is appropriate here because this Court's non-infringement ruling as to Rituxan® constitutes a final adjudication of that claim, and there is no just reason to delay an appeal where an immediate appeal would facilitate judicial efficiency and cause no harm to Defendants.

### A.   Legal Standard

Federal Rule of Civil Procedure 54(b) "allows a district court to sever an individual claim that has been finally resolved" because "in multiple claim actions some final decisions, on less than all of the claims, should be appealable without waiting for a final decision on all of the claims." *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 861 (Fed. Cir. 1992) (internal quotation omitted).  Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b).

For Rule 54(b) to apply, (1) the judgment must be final with respect to one or more claims and (2) there must be no just reason for delay.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980); *W.L. Gore*, 975 F.2d at 861-62.

A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" as to that party or claim.  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988); *W.L. Gore*, 975 F.2d at 863; *In re Guy F. Atkinson Co.*, No. C 98-4577 SI, 2000 WL 52317, at *3 (N.D. Cal. Jan. 18, 2000).  "The Rule 54(b) claims do not have to be separate from and independent of the remaining claims."  *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987).  Summary judgment of non-infringement is a final judgment because it is dispositive of an infringement claim.  *W.L. Gore*, 975 F.2d at 863.

In determining whether there is no just reason for delay, "a district court must take into account judicial administrative interests as well as the equities involved."  *Curtiss-Wright,* 446 U.S.

at 8. The following factors should be considered in making this determination: whether the claims are separable from the others remaining to be adjudicated, whether the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once, and the possibility that the need for review might or might not be rendered moot by future developments in the district court. *Id.* at 6, 8; *W.L. Gore*, 975 F.2d at 862; *ImageCube LLC v. Boeing Co.*, No. 04-cv-7587, 2010 WL 331723, at *3 (N.D. Ill. Jan. 22, 2010) .

A district court may certify an order granting summary judgment of non-infringement as final even where counterclaims for invalidity or unenforceability are still pending. *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 829-30 (Fed. Cir. 2003) (citing *Storage Tech. Corp. v. Cisco Sys., Inc.*, No. C00-1176 (SI) (N.D. Cal. Dec. 20, 2002), which certified a grant of summary judgment of non-infringement under Rule 54(b) *nunc pro tunc*); *ImageCube*, 2010 WL 331723 (granting certification under Rule 54(b)—even in light of a Rule 56(f) continuance—based on a summary judgment ruling of non-infringement while invalidity and unenforceability claims remained unadjudicated); *Digital Privacy, Inc. v. RSA Security, Inc.*, 199 F. Supp. 2d 457 (E.D. Va. 2002) (granting Rule 54(b) certification for judgment of non-infringement, dismissing unadjudicated invalidity counterclaims, and staying patent misuse counterclaims); *Kumar v. Ovonic Battery Co.*, No. 01 11247 MEL, 2002 WL 32705072 (D. Mass. Sept. 24, 2002) (certifying summary judgment of non-infringement as a final judgment and staying counterclaims for invalidity, unenforceability and patent misuse). Certification is appropriate when there are unadjudicated invalidity counterclaims, especially when these counterclaims would be governed by the same claim construction that applies to infringement. *ImageCube*, 2010 WL 331723, at *4; *see also Smith v. Hall,* 301 U.S. 216, 232 (1937); *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1454 (Fed. Cir. 1988) ("*Smith v. Hall* stands for the proposition that a patent claim must be construed by the court the same way for purposes of both validity and infringement."); *Lemelson v. Gen. Mills, Inc.*, 968 F.2d 1202, 1206 n.4 (Fed. Cir. 1992) ("[T]he same interpretation of a claim must be applied to all validity and infringement issues in the case.").

Rule 54(b) certification is left to the sound discretion of the district court, and certification is proper if it aids in expeditious resolution of the case while avoiding piecemeal appeals. *Curtiss-*

1   *Wright*, 446 U.S. at 10; *see also Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir.

2   1993).

3   **B.   The Grant of Summary Judgment of Non-Infringement As to Rituxan® Is Final, and There Is No Just Reason to Delay Appeal**

4

5   This case warrants certification under Rule 54(b) because the non-infringement ruling as to

6   Rituxan®  is (1) a final judgment, and (2) there is no just reason to delay an appeal because, at the

7   very least, immediate appeal would facilitate judicial efficiency without harming the parties.

8   **1.   There Is a Final Judgment As Required by Rule 54(b)**

9   The Court's non-infringement decision with respect to Rituxan® is a final judgment.  FED. R.

10  CIV. P. 54(b); *W.L. Gore*, 975 F.2d at 861 ("In order for Rule 54(b)  to apply, the judgment must be

11  *final* with respect to one or more *claims*.") (emphasis added).  The Court's ruling is an ultimate

12  disposition of that claim because "barring a reversal on appeal, the case is over" as to Defendants'

13  Rituxan® product.  *See ImageCube*, 2010 WL 331723, at *1.  Only Defendants' counterclaims

14  remain to be adjudicated.[5]  Since Sanofi's claim against Defendants' Rituxan® product is over on its

15  merits, this Court no longer needs to address any other defenses with respect to that claim.  *See W.L.*

16  *Gore,* 975 F.2d at 863 (explaining that "a defendant need only sustain one decisive defense, not all of

17  them") (internal quotation omitted).  That is, Defendants' remaining defenses are now moot with

18  respect to Rituxan®.

19  **2.   There Is No Just Reason to Delay Appeal of the Non-Infringement Decision**

20  There is no just reason to delay an appeal because an immediate appeal would facilitate

21  judicial efficiencies without causing any harm to Defendants.  *Curtiss-Wright*, 446 U.S. at 8.  In

22  particular, an immediate appeal would very likely reduce the number of trials in this action (possibly

23  to zero).  If the Federal Circuit affirms any of this Court's numerous claim construction rulings and

24  the non-infringement decision, it would obviate the need for even a single trial on one or both patents.

25  _____

26  [5] The fact that there are unadjudicated affirmative defenses is wholly irrelevant to certification under
27  Rule 54(b).  *See W.L. Gore*, 975 F.2d at 863 (explaining that if only affirmative defenses are
    remaining and no counterclaims, then there is no need to invoke relief under Rule 54(b)).  Those
28  defenses are now moot.

- 8 -

1    If, however, the Federal Circuit reverses any portion of this Court's decision, the Court could proceed

2    on all issues with a ***single*** trial.  In contrast, failure to certify would likely result in two trials, one on

3    invalidity (followed by appellate review and likely modification of claim construction) and a second

4    on infringement and invalidity in light of the modified claim construction.

5           Claim construction is particularly relevant to the invalidity issues in this case because multiple

6    claim terms are implicated in the anticipation and obviousness analyses.  For example, the Court's

7    construction of the term "isolated DNA enhancer" as requiring that an infringing enhancer be

8    physically separated from the promoter precludes anticipation of the '522 Patent because none of the

9    alleged prior art references teach such an enhancer.  Under Sanofi's view of that term—a DNA

10   sequence having certain properties and that can be, but need not be, ***used separately from*** the

11   promoter—Defendants' invalidity arguments would be different.  Similarly, construction of the term

12   "wherein the DNA from the upstream region of the IE gene of HCMV is the only HCMV material to

13   which the mammalian cell is exposed" is relevant to the anticipation and obviousness analyses, *e.g.,*

14   with regard to work of Dr. Mark Stinski and the Stinski Patent.  (*See, e.g.,* DN 554, DN 557.)  Since

15   any modification of the claim construction would affect both infringement and invalidity issues,

16   concerns over judicial efficiency should mandate that the Court wait until after the appeal is decided

17   to hear the invalidity counterclaims (if at all).

18          This is not a case where the appellate court would have to decide the same issues more than

19   once if there were subsequent appeals.  *See Curtiss-Wright*, 446 U.S. at 8.  Infringement, validity, and

20   enforceability are separate issues.  *ImageCube*, 2010 WL 331723 at *3  Thus, if this Court certifies

21   the infringement decision for appeal, the appellate court would not have to revisit claim construction

22   or infringement at a later date based on an appeal of a subsequent invalidity or unenforceability

23   decision.

24          Additionally, the need for appellate review of the claim construction and infringement issues

25   will not be rendered moot by future developments in the district court.  In contrast to a case in which

26   a trial on invalidity could affect the court's earlier finding of *infringement*; here, a finding on validity

27   at trial would have no bearing on this Court's existing decision of *non-infringement*.  *See ImageCube*,

28   2010 WL 331723, at *3.  Put another way, if Defendants succeed on invalidity, the Federal Circuit

- 9 -

MOTION FOR ENTRY OF FINAL JUDGMENT                    CASE NOS. C 08-04909 SI (BZ)
                                                      C 09-04919 SI

1   will still have to decide the infringement issues.  Moreover, this Court is not likely to *sua sponte*

2   reconsider its multiple claim construction decisions during trial on validity issues because this Court

3   has already construed all relevant claim terms, denied a motion for reconsideration of its claim

4   construction (DN 392), and determined non-infringement based upon its construction.

5        Finally, granting certification under Rule 54(b) and allowing an immediate appeal will not

6   cause any harm to Defendants.  In contrast, proceeding to trial on invalidity now would be unfair to

7   Sanofi at least because Defendants' infringement—use of the patented invention—is a relevant

8   consideration in Sanofi's validity (nonobviousness) arguments.  An appeal will spare all of the

9   litigants from expending time and resources on at least one unnecessary trial.  If necessary,

10  Defendants will have a full and fair opportunity to litigate all counterclaims after resolution of the

11  appeal.  Defendants can and will continue to manufacture and sell Rituxan® and Avastin® during the

12  appeal.

13                                    <u>**CONCLUSION**</u>

14       For the foregoing reasons, the Court should vacate the pending trial date and enter judgment

15  under Rule 54(b) together with the appropriate findings as described above.  A Proposed Final

16  Judgment Order is submitted herewith.  Sanofi requests that the motion be decided on the papers

17  without oral argument.

18  Dated:  March 31, 2011                    Respectfully submitted,

19                                            HARVEY SISKIND LLP
                                              D. PETER HARVEY
20                                            NAOMI JANE GRAY

21                                            FITZPATRICK, CELLA, HARPER & SCINTO
22                                            WILLIAM E. SOLANDER (*pro hac vice*)
                                              DOMINICK A. CONDE (*pro hac vice*)
23                                            PETER D. SHAPIRO (*pro hac vice*)
                                              JOSHUA A. DAVIS (*pro hac vice*)
24

25                                            By:              /s/
                                                     William E. Solander
26

27                                            Attorneys for Plaintiff
                                              SANOFI-AVENTIS DEUTSCHLAND GMBH
28

1

2        I, Naomi Jane Gray, am the ECF User whose identification and password are being used to

3    file this document.  Pursuant to General Order 45.X.B, I hereby attest that William E. Solander has

4    concurred in this filing.

5
                                              /s/
6                                   _____
                                         Naomi Jane Gray
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ENTRY OF FINAL JUDGMENT                    CASE NOS. C 08-04909 SI (BZ)
                                                          C 09-04919 SI