HARVEY SISKIND LLP
D. PETER HARVEY (State Bar No. 55712)
pharvey@harveysiskind.com
NAOMI JANE GRAY (State Bar No. 230171)
ngray@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone:  415-354-0100
Facsimile:  415-391-7124

FITZPATRICK, CELLA, HARPER & SCINTO
WILLIAM E. SOLANDER (*pro hac vice*)
wsolander@fchs.com
DOMINICK A. CONDE (*pro hac vice*)
dconde@fchs.com
PETER D. SHAPIRO (*pro hac vice*)
pshapiro@fchs.com
JOSHUA A. DAVIS (*pro hac vice*)
jdavis@fchs.com
1290 Avenue of the Americas
New York, New York 10104
Telephone:  212-218-2100
Facsimile:  212-218-2200

Attorneys for Plaintiff
SANOFI-AVENTIS DEUTSCHLAND GMBH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SANOFI-AVENTIS DEUTSCHLAND GMBH,<br><br>                    Plaintiff,<br><br>        v.<br><br>GENENTECH, INC. and BIOGEN IDEC INC.,<br><br>                    Defendants. | **Case No.: C 08-04909 SI (BZ)**<br>**Case No.: C 09-04919 SI**<br><br>**SANOFI'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT**<br><br>Motion Date:  April 22, 2011<br>Time:  9:00 a.m.<br>Courtroom 10<br>The Honorable Susan Illston |

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ............................................................................................................ii

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................... 2

I. THERE IS NO JUST REASON TO DELAY AN APPEAL AND PROCEED TO A POTENTIALLY WASTEFUL TRIAL ................................................................................ 2

    A. Judicial Efficiency Warrants Immediate Appeal ............................................. 2

    B. A Brief Delay in Resolution of Invalidity and Inequitable Conduct Issues Will Not Prejudice Defendants ................................................................................. 3

    C. The Equities Weigh in Sanofi's Favor ............................................................. 5

II. DISPOSITION OF THE AVASTIN® CLAIM DOES NOT AFFECT THE ANALYSIS ........................................................................................................................ 5

CONCLUSION ................................................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**

*Advanced Display Sys., Inc. v. Kent State Univ.*,
    212 F.3d 1272 (Fed. Cir. 2000) ............................................................................................. 5

*Aristocrat Techs. v. Int'l Game Tech.*,
    No. C-06-03717 RMW, 2010 WL 2486174 (N.D. Cal. June 15, 2010) .................................. 4

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
    508 U.S. 83 (1993) ................................................................................................................. 3

*Curtiss-Wright Corp. v. General Elec. Co.*,
    446 U.S. 1 (1980) ................................................................................................................... 3

*Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*,
    931 F. Supp. 1044 (E.D.N.Y. 1996) .................................................................................... 2, 3

*W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*,
    975 F.2d 858 (Fed. Cir. 1992) ................................................................................................ 5

**Rules**

FED. R. CIV. P. 54(b) ........................................................................................................... *passim*

# INTRODUCTION

District Courts must undertake a two-step inquiry in evaluating whether to certify a case for appeal under Rule 54(b). First, the Court must determine whether there has been a final decision. Second, the court must determine that there is no just reason to delay an appeal of that decision.

Defendants do not dispute that there is a final decision with respect to Rituxan®. Instead, they argue that judicial efficiency warrants an immediate trial on invalidity and unenforceability. Defendants are wrong—they have not shown how a trial on invalidity now, without appellate review of the claim construction and infringement decisions, will foster judicial efficiency. To the contrary, that course likely will lead to two trials, while certifying will avoid that possibility.

Defendants also raise a multitude of irrelevant and unpersuasive arguments. The fact that Genentech had to defend itself in an arbitration in addition to this lawsuit following its unilateral termination of a license agreement in no way relates to whether an immediate appeal in the U.S. litigation would facilitate judicial efficiency. Likewise, it is irrelevant that Sanofi's original complaint named a number of products that are no longer at issue—only Rituxan® and Avastin® are now in dispute in this case. Defendants have made no showing that any other product infringes or is likely to infringe the '522 or '140 patents.

Ultimately, the Court should consider the following three scenarios in determining which course of action would best foster judicial efficiency:

**Scenario 1**: Allow immediate appeal of the non-infringement decision. If Defendants prevail on appeal, the case is over. In that situation, Sanofi agrees to drop its claims against Rituxan® and Avastin®.

**Scenario 2:** Allow immediate appeal of the non-infringement decision. If Sanofi prevails on appeal, the Court would hold a single trial on infringement and validity with the benefit of an appellate claim construction.

**Scenario 3:** Proceed to trial on validity, followed by appeal. If Defendants win at trial and Sanofi succeeds in obtaining a reversal, the case will be tried a second time with a new claim construction. If Sanofi wins at trial and Defendants succeed in obtaining a reversal, Defendants will undoubtedly seek to try the invalidity case a second time.

Allowing an appeal now is the only course that could avoid a trial altogether, and it will also ensure only a single trial, if one is ever necessary.

# ARGUMENT

Sanofi has shown that there is no just reason to delay an appeal and that there is at least a final judgment as to Rituxan®. Thus, Sanofi's request for entry of final judgment and certification of that judgment under FED. R. CIV. P. 54(b) should be granted.

## I. THERE IS NO JUST REASON TO DELAY AN APPEAL AND PROCEED TO A POTENTIALLY WASTEFUL TRIAL

The Court may consider various factors in determining whether there is no just reason to delay an appeal. Important facts to consider include judicial efficiency and equities to the parties. Defendants have not shown a compelling reason to proceed to trial now because there are significant benefits to an immediate appeal and no real prejudice will result from postponing the trial.

### A. Judicial Efficiency Warrants Immediate Appeal

The trial will be before a jury, is expected to last for up to two weeks, and will involve, at a minimum, ten testifying witnesses on highly technical subject matters. The jury will hear testimony from the inventors (both German professors), third-party scientists, and up to four expert witnesses and will need to learn details of molecular biology as that science existed twenty-five years ago. All this background testimony is necessary to hear both the validity issues and the infringement case. Thus, proceeding to trial now on validity and later on infringement would require both juries to hear the same testimony, which is plainly inefficient. Moreover, to put a single jury through that process where there is *any* risk that it might have to be repeated is reason enough to postpone the upcoming trial and dispatch the non-infringement ruling for appeal.

Defendants criticize Sanofi's argument regarding the potential outcome on appeal as "speculative," but then immediately engage in such speculation themselves. No party can accurately predict what the Federal Circuit will do in its *de novo* review of the claim construction decision. For example, just as this Court was not bound to adopt either party's proffered constructions,[1] the Federal Circuit may also engage in its own interpretation of the claims. *See Loral Fairchild Corp. v. Victor*

---

[1] In fact, the Court declined to adopt either party's definition of "promoter-regulatory region."

- 2 -

*Co. of Japan, Ltd.*, 931 F. Supp. 1044, 1047-48 (E.D.N.Y. 1996) (the fact that the Federal Circuit "may adopt a different view of the claims at issue" was a factor justifying certification).

Defendants focus on what will happen if they succeed on a validity jury trial based on a narrower claim construction. They ignore what could happen if Defendants lose the validity trial and the Federal Circuit adopts a broader claim construction on appeal that favors Sanofi. Under that scenario, Defendants would have already tried their validity case on the narrow claim construction. There is little doubt that Defendants would inevitably demand a second trial based on the broader claims, which would lead to two invalidity trials.

Appeal may also foster settlement. *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 n.2 (1980); *see Loral Fairchild*, 931 F. Supp. at 1047 (emphasizing that facilitation of settlement is a factor in favor of certification). As Defendants point out, settlement discussions have thus far been fruitless. Now that Defendants have a favorable ruling on their non-infringement motion, they believe there is little for them at stake and thus will not likely settle leading up to or following a trial on validity alone. Sanofi will appeal this Court's non-infringement decision regardless of the timing of that appeal. As appellate resolution of the case is necessary to dislodge the parties from their current settlement positions, it makes more sense to have that review now.

### B. A Brief Delay in Resolution of Invalidity and Inequitable Conduct Issues Will Not Prejudice Defendants

Defendants correctly point out that the Supreme Court in *Cardinal Chemical* has recognized that there is a benefit to inquiring fully into the validity of a patent. But in *Cardinal Chemical*, the Court simply pointed out that the Federal Circuit should not routinely dismiss invalidity counterclaims as moot following affirmance of a non-infringement ruling, thus preventing a final resolution of those claims. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993). Here, Sanofi is seeking not to avoid a final adjudication of patent validity, but only to ensure that the issue can be appropriately and correctly considered the first time it is brought before a jury.

Defendants' suggestions of unfair prejudice are equally uncompelling. Defendants unconvincingly suggest that "the delay associated with an interlocutory appeal risks that witnesses . . . will no longer be available and that their memories of events that occurred 25 years ago will have

1  faded." (DN 613 at 2). The risk that memories of events that occurred 25 years ago will fade
2  precipitously after 26 years would seem minimal.

3  Likewise, Defendants' argument that waiting for a complete record on validity issues could
4  provide the Federal Circuit with multiple bases for affirmance of a decision against Sanofi is not
5  persuasive. The same could be said for any litigation where 54(b) certification is sought. The
6  purpose of Rule 54(b) is to give District Courts the ability to certify an immediate appeal when doing
7  so will foster judicial efficiency. *Aristocrat Techs. v. Int'l Game Tech.*, No. C-06-03717 RMW, 2010
8  WL 2486174, at *2 (N.D. Cal. June 15, 2010) (finding that there was no just reason for delay when
9  the only remaining claims were invalidity and unenforceability). Here it would plainly promote
10 judicial efficiency for there to be an appeal now because that course would lead to either no trial or at
11 most one trial, while Defendants' proposed course could likely lead to multiple jury trials.

12 In arguing that the equities weigh in Defendants' favor, Defendants raise complaints over the
13 "duplicative" arbitration proceeding and "baseless" infringement allegations. Those complaints are
14 entirely irrelevant as to whether Rule 54(b) certification should be granted. The arbitration and the
15 U.S. litigation are not duplicative.[2] Furthermore, all briefing in the arbitration ended in January of
16 this year, and the parties are now only awaiting a decision. It is thus unclear what Genentech is
17 referring to when it says that "Sanofi continues to prosecute a duplicative arbitration . . . at
18 considerable expense to Genentech." (DN 613 at 2). The arbitration has no bearing on the
19 conservation of resources in this litigation. Similarly, the fact that Sanofi originally asserted claims
20 involving other products is also irrelevant to how this case will proceed—the only products at issue
21 are Rituxan® and Avastin®.

---

[2] Following Genentech's termination of its license agreement, Sanofi (Hoechst) sought arbitration of its contractual claim for *past royalties* under that agreement. The U.S. litigation concerns Sanofi's claims for damages during the period in which Genentech has engaged in unlicensed (infringing) use of the patented technology. To the extent the same issues are being considered in both proceedings, that is largely the doing of Genentech, which insisted that the arbitrator consider issues that were not relevant to the interpretation of the License Agreement under German law (*i.e.*, U.S. patent validity and unenforceability challenges).

- 4 -

| SANOFI'S REPLY IN SUPPORT OF | CASE NOS. C 08-04909 SI |
| MOTION FOR ENTRY OF JUDGMENT | C 09-04919 SI |

### C. The Equities Weigh in Sanofi's Favor

Not only will certification serve judicial efficiency while not prejudicing Defendants, but a failure to certify will prejudice Sanofi. As explained in its opening brief, Sanofi's validity case is substantively weaker because of the non-infringement ruling. Copying is a factor in the obviousness analysis. *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1287 (Fed. Cir. 2000) (explaining that copying is evidence of an invention's nonobviousness). Defendants had full access to the claimed enhancer and, in fact, deliberately copied and used the very same enhancer sequence claimed in the patents in suit. Under the present claim construction, presumably Sanofi will not be allowed to present that evidence and will not be allowed to argue to the jury that the inventions as claimed have been copied by Defendants. The failure to hear that important piece of evidence will have an impact on jurors' consideration of whether the patents are obvious. Thus, if Sanofi loses the invalidity trial, and if the Federal Circuit resurrects Sanofi's infringement case, the record on invalidity could not be adopted wholesale, and a second trial on validity would be required. Accordingly, Defendants are wrong in asserting that "a finding of invalidity under the current, narrower constructions will compel a finding of invalidity under the broader constructions too," because those "broader" constructions would likely lead to a finding that Defendants copied the claimed invention, which would be relevant to validity. (DN 613 at 8).

## II. DISPOSITION OF THE AVASTIN® CLAIM DOES NOT AFFECT THE ANALYSIS

Defendants argue that if the Court's non-infringement ruling as to Avastin® is not also certified for appeal, the appeal would be jurisdictionally defective and/or the Federal Circuit would be forced to hear multiple appeals on the same issue. Sanofi believes that is not correct, but it is of no concern in the end.[3] Sanofi has no quarrel with the certified judgment addressing Avastin® as well so long as Sanofi's right to pursue Avastin® discovery during the pendency of the appeal is

---

[3]  A judgment is final for Rule 54(b) purposes when it is "an *ultimate* disposition of an *individual* claim entered in the course of a multiple claims action." *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc*. 975 F.2d 858, 861-862 (Fed. Cir. 1992). Sanofi's claim against Rituxan® is separate and distinct from its infringement claim with respect to Avastin®. There are entirely different facts to be considered for each product.

maintained.[4] Even if Avastin® is not made part of the appeal, Sanofi will grant a covenant not to sue as to Rituxan® and Avastin® if no part of the infringement case survives the appeal, thus mooting Defendants' concerns.

## CONCLUSION

For the foregoing reasons, Sanofi's request that the Court's March 7 Order Granting In Part Genentech's Motion for Summary Judgment of Non-Infringement should be certified as a final judgment under Rule 54(b).

Dated: April 19, 2011                    Respectfully submitted,

                                         HARVEY SISKIND LLP
                                         D. PETER HARVEY
                                         NAOMI JANE GRAY

                                         FITZPATRICK, CELLA, HARPER & SCINTO
                                         WILLIAM E. SOLANDER (*pro hac vice*)
                                         DOMINICK A. CONDE (*pro hac vice*)
                                         PETER D. SHAPIRO (*pro hac vice*)
                                         JOSHUA A. DAVIS (*pro hac vice*)

                                         By:            /s/
                                              William E. Solander

                                         Attorneys for Plaintiff
                                         SANOFI-AVENTIS DEUTSCHLAND GMBH

I, Naomi Jane Gray, am the ECF User whose identification and password are being used to file this document. Pursuant to General Order 45.X.B, I hereby attest that William E. Solander concurred in this filing.

DATED: April 19, 2011

                                                        /s/
                                              Naomi Jane Gray

---

[4] Sanofi alone bears the considerable expense of this discovery.

- 6 -