**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., *et al.*, | No. C 08-4909 SI; No. C 09-4919 SI |
| Plaintiffs, | **ORDER GRANTING SANOFI'S MOTION FOR ENTRY OF JUDGMENT** |
| v. | |
| SANOFI-AVENTIS DEUTSCHLAND GMBH, | |
| Defendant. | |

Sanofi-Aventis has filed a motion for entry of final judgment and certification under Federal Rule of Civil Procedure 54(b). The motion is scheduled for a hearing on April 22, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

Sanofi seeks entry of final judgment of non-infringement as to Rituxan® and Avastin®[1] to allow Sanofi to take an immediate appeal of the Court's March 7, 2011 Order Granting in Part Genentech's Motion for Summary Judgment of Non-Infringement, as well as of this Court's Claim Construction Order. Sanofi asserts that an entry of final judgment of non-infringement is in the interest of judicial

---

[1] Sanofi's motion originally sought final judgment of non-infringement only as to Rituxan®. However, in response to issues raised in defendants' opposition regarding Avastin®, Sanofi's reply states that "Sanofi has no quarrel with the certified judgment addressing Avastin® as well so long as Sanofi's right to pursue Avastin® discovery during the pendency of the appeal is maintained." Reply at 5:22-6:1. The discovery at issue is the ongoing testing of Avastin® to determine whether an HCMV enhancer is present in Avastin® genomic material; that testing will not impact any of the bases for the Court's holding that Avastin® does not infringe the patents-in-suit. Based on Sanofi's representation that it bears all of the expenses of the Avastin® discovery, and the fact that the testing will not impact the Court's non-infringement rulings, the Court holds that Sanofi may proceed with the ongoing testing (and any other discovery regarding Avastin® that Magistrate Judge Zimmerman deems appropriate) during the pendency of the appeal.

efficiency because it will avoid the possibility of two trials, one on invalidity and unenforceability set for June 2011, and one on infringement in the event that the Federal Circuit reverses this Court's non-infringement rulings. Sanofi asserts that an immediate appeal of the non-infringement decision fosters judicial efficiency because if Sanofi prevails on appeal, there will be a single trial on infringement and validity, with the benefit of an appellate claim construction.

Defendants contend that judicial administrative interests favor denying Sanofi's motion. Defendants argue, *inter alia*, that an invalidity and unenforceability trial will conserve judicial resources by providing multiple grounds for affirmance if the patents are found invalid and/or unenforceable. Defendants also argue that a hypothetical new claim construction does not have any bearing on a number of issues raised by the invalidity and inequitable conduct counterclaims.

Under Federal Rule of Civil Procedure 54(b),

> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

Fed. R. Civ. P. 54(b). A ruling is final, and therefore appealable if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'" as to that party or claim. *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988)). "The Rule 54(b) claims do not have to be separate from and independent of the remaining claims." *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987). Rule 54(b) certification is left to the sound discretion of the district court, and certification is proper if it aids in expeditious resolution of the case while avoiding piecemeal appeals. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).

The Court concludes that there is no just reason to delay the entry final judgment of non-infringement as to Rituxan® and Avastin® to allow Sanofi to take an immediate appeal of the non-infringement rulings. There is a final decision of non-infringement as to both products, as the ongoing testing with regard to Avastin will not alter the Court's ruling of non-infringement. An immediate appeal will also obviate the need for two trials. Although defendants are correct that some of the invalidity and enforceability issues would not be affected by a hypothetical new claim construction, a

number of the issues are interwoven, as demonstrated by the fact that the same experts have opined on both infringement and invalidity in this case. In the event of two trials, the Court would expect significant duplication in witness testimony. The Court finds that it is more efficient to enter final judgment as to non-infringement to allow for an immediate appeal because if the Federal Circuit reverses, there will be a single trial on infringement, invalidity and unenforceability, and if the Federal Circuit affirms, the case will either be over (as Sanofi asserts), or there will be a trial on invalidity and unenforceability (as defendants assert). Either way, an immediate appeal of non-infringement conserves the resources of the parties and the Court.

Accordingly, the Court GRANTS Sanofi's motion for entry of final judgment under Rule 54(b) and STAYS further proceedings in this Court (except the Avastin® testing discussed above) pending the outcome on appeal. (Docket No. 609). The June 1, 2011 pretrial conference and the June 13, 2011 trial date are VACATED.

**IT IS SO ORDERED.**

Dated: April 21, 2011

SUSAN ILLSTON
United States District Judge